IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| RONALD C. PRATER, et al., ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 12-CV-3493-S-DGK |
| ) | |
| DAKOTA LUKE BALL ) | |
| ) | |
| Defendant. ) | |

### ORDER GRANTING MOTION TO REMAND

This case arises from a car accident between the parties on February 6, 2011. Pending before the Court is Plaintiffs' motion to remand (Doc. 8) and Defendant's opposition (Doc. 17).[1] Having fully reviewed the parties' briefs, Plaintiffs' motion to remand is GRANTED.

### Background

On February 6, 2011, a car accident between Defendant Dakota Ball and Plaintiff Ronald Prater resulted in the death of Prater's wife, Juanita.[2] Plaintiff Ronald Prater and other members of Juanita Prater's family now bring the present action against Defendant Dakota Ball for wrongful death.

Plaintiff initially filed this action on October 25, 2012 in the Circuit Court of Pulaski County, Missouri. On November 20, 2012, Defendant removed the action to this Court pursuant to the Court's diversity jurisdiction.

---

[1] In ruling on this motion, the Court has also considered Docs. 24, 29, and 32.
[2] Juanita Prater was a passenger in Plaintiff Ronald Prater's car at the time of the car accident.

**Standard**

A defendant may remove an action where the case falls within the original jurisdiction of the district courts. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the district court, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). The burden of establishing federal jurisdiction is on the party seeking removal. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). All doubts are resolved in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

To invoke original diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Jurisdiction is determined based upon the allegations set forth in the complaint at the time the petition for removal is filed. *Crosby v. Paul Hardeman, Inc.*, 414 F.2d 1, 3 (8th Cir. 1969). The removing party bears the burden of establishing the jurisdictional facts by a preponderance of the evidence. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).

**Discussion**

Plaintiffs dispute the Court's diversity jurisdiction for two reasons. First, Plaintiffs maintain that the parties lack complete diversity as required by 28 U.S.C. § 1332(a). Second, Plaintiffs dispute that the amount in controversy exceeds $75,000. The Court finds that although the amount in controversy exceeds $75,000, there is not complete diversity of citizenship. Accordingly, Plaintiffs' motion to remand is granted.

**A. The amount in controversy requirement is satisfied.**

The amount a plaintiff seeks in damages is usually determinative of the amount in dispute, although it is not necessarily dispositive. *See St. Paul Mercury Indem. Co. v. Red Cab*

*Co.*, 303 U.S. 283, 288 (1938) ("[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith."); *Corlew v. Denny's Rest., Inc.*, 983 F. Supp. 878, 880 (E.D. Mo. 1997) (observing that a court "is not free to disbelieve plaintiff's valuation of her case").

In the present case, Plaintiff's complaint does not explicitly seek recovery in excess of $75,000. In fact, Plaintiff's complaint does not specify any amount in controversy. Thus, the Court must look to other factors to determine whether Defendant can establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Where a specific amount is not explicitly sought, the amount in controversy is measured by "the value to the plaintiff of the right to be enforced." *Advance Am. Servicing of Ark. v. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008). Plaintiffs' complaint notes that on September 29, 2012, Plaintiffs offered to settle the case for $500,000. The complaint further notes that Plaintiffs believe "their damages exceed the amount of their offer." A settlement offer is not necessarily determinative of the amount in controversy. *Vermande v. Hyundai Motor America, Inc.*, 352 F. Supp. 2d 195, 202-03 (D. Conn. 2004). However, Plaintiffs' offer far exceeded the $75,000 limit. Additionally, Plaintiffs seek extensive damages including fair and reasonable actual damages, aggravated circumstance damages, punitive damages, costs incurred including all video deposition costs and expenses, and prejudgment and post judgment interest. Accordingly, the Court concludes that the value to the Plaintiffs, and, therefore, the amount in controversy exceeds $75,000.

**B. There is not complete diversity of citizenship.**

The federal diversity statute requires that there be complete diversity of citizenship between the parties, meaning that no defendant can be a citizen of the same state as any plaintiff. 28 U.S.C. § 1332(a)(1); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365 (1978)

("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."). Additionally, under 28 U.S.C. § 1441(b)(2), a "civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

To determine whether complete diversity exists, courts look to the facts as they exist on the date an action is filed, not on the date the cause of action arose. *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). "For purposes of diversity jurisdiction, the terms 'domicile' and 'citizenship' are synonymous. To establish domicile, an individual must both be physically present in the state and have the intent to make his home there indefinitely." *Id.* (internal citations omitted); *Blakemore v. Missouri Pac. R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986); *Holmes v. Sopuch*, 639 F.2d 431, 434 (8th Cir. 1981) (holding that to establish domicile, a person must intend to reside in the state indefinitely "with no present or fixed intent to move on upon the happening of a reasonably certain event"). The determination of citizenship for purposes of diversity jurisdiction is a mixed question of law and fact. *Blakemore*, 789 F.2d at 618.

The parties do not dispute that Plaintiff Ronald Prater is a Missouri citizen. At issue is the citizenship of Defendant Dakota Ball. Plaintiffs argue Defendant is a citizen of Missouri, while Defendant maintains he is a citizen of Maryland.

At the time of the accident in February 2011, Defendant was a resident of Missouri: (1) Defendant resided in Missouri with his father, Stacy Ball; (2) Defendant received mail at a Missouri address; (3) Defendant was driving a vehicle with a Missouri license plate and was insured under a Missouri auto policy; (4) Defendant retained a Missouri driver's license; and (5) Defendant was registered to vote in Missouri.

In May of 2012, Defendant moved to Maryland to live with his mother, Patricia Ball. In support of Defendant's contention that he is a Maryland citizen, Defendant provides the affidavit of Patricia Ball, stating that Defendant had "been a resident in [her] household in the state of Maryland since May 2012." This establishes the first prong of the two-part domicile test.

However, Patricia Ball's affidavit fails to address the second prong of the domicile test, whether Defendant intends to remain in Maryland. Patricia Ball's affidavit states that Defendant "sustained a traumatic brain injury as a result of the motor vehicle accident of February 6, 2011, and suffers a mental impairment as a result," and that "by reason of the traumatic brain injury and mental impairment," Patricia Ball retains the power of attorney, custody, and guardianship over the affairs of Defendant. However, Patricia Ball states nothing about Defendant's intention to remain in Maryland either indefinitely or permanently.

In additional briefing, Defendant provides an affidavit from his Missouri parole officer, stating that on April 16, 2012, the state of Maryland accepted Defendant's case for supervision.[3] However, the fact that Defendant's probation supervision was transferred from Missouri to Maryland is not conclusive proof that he intends to change his domicile to Maryland or that he intends to remain there indefinitely. Rather, this change is evidence only that Defendant will be physically present in Maryland for some period of time.

Based on the information provided by Defendant in this case, the Court cannot conclude that Defendant intends to remain in Maryland indefinitely. Defendant has provided no evidence that he has applied for or received a Maryland driver's license, that he has registered to vote in Maryland, that he sought employment in Maryland, that he pays taxes in Maryland, that he lists a

---

[3] Probation Officer Dana Wilson's affidavit also states that "Unless and until Mr. Ball seeks to reestablish his residence in the state of Missouri, or until he completes the terms of his probation, he will be deemed a resident of the state of Maryland by Missouri Probation and Parole and supervised by a Maryland probation officer."

Maryland address for receipt of documents, or that he seeks medical treatment in Maryland. *See, e.g.*, *Altimore v. Mount Mercy College*, 420 F.3d 763, 769 (8th Cir. 2005).

Furthermore, Defendant has not himself provided an affidavit stating his intention to remain in Maryland indefinitely. If Defendant is competent to make this assertion, he could have easily done so. If Defendant is not competent to make this statement due to his traumatic brain injury,[4] he is similarly not competent to form the intent to change his domicile. *See Dunlap by Wells v. Buchanan*, 741 F.2d 165, 167 (8th Cir. 1984) (citing a Delaware district court for the proposition that a mentally incompetent individual does not have the capacity to change his domicile).

The removing party bears the burden of establishing federal jurisdiction by a preponderance of the evidence, *In re Bus. Men's Assurance Co. of Am.*, 992 at 183, and Defendant has not satisfied that burden here. Residence does not equate with citizenship, *Janzen v. Goos*, 302 F.2d 421, 425 (8th Cir. 1962), and Defendant has provided little additional evidence beyond residency to prove that he is a Maryland citizen. While changing his probation supervision to Maryland is some evidence that Defendant may intend to remain in Maryland indefinitely, this alone is not sufficient. There are multiple, easily accessible means through which Defendant could have provided evidence to support his motion for removal. Having failed to do so, the Court finds Defendant has not met his burden of establishing complete diversity of citizenship.[5]

---

[4] This is suggested by Patricia Ball's affidavit which notes that she has power of attorney, custody, and guardianship over the affairs of Dakota Ball.

[5] Plaintiffs also argue that lien holders discussed in Defendant's counterclaim are indispensable parties, and that their addition to the case destroys diversity jurisdiction. Because the Court found there is not diversity of citizenship between Plaintiffs and Defendant Ball, the Court declines to consider this argument.

## Conclusion

Because Defendant failed to establish by a preponderance of the evidence that there is complete diversity of citizenship, this case is remanded to state court. Plaintiffs' motion to remand (Doc. 8) is GRANTED. Plaintiffs' motion for attorneys fees pursuant to 28 U.S.C. § 1447(c) is DENIED.

**IT IS SO ORDERED.**

Date:   April 24, 2013                             /s/ Greg Kays
                                                   GREG KAYS, JUDGE
                                                   UNITED STATES DISTRICT COURT